IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**TYRES FRAI' AUNT AUTREY**                                          **PLAINTIFF**

v.                                                                   **Civil No. 1:15-cv-421-HSO-JCG**

**CITY OF PASCAGOULA**                                               **DEFENDANT**

**REPORT AND RECOMMENDATION THAT PLAINTIFF'S
APPLICATION [2] TO PROCEED *IN FORMA PAUPERIS* BE DENIED**

BEFORE THE COURT is *pro se* Plaintiff Tyres Frai' Aunt Autrey's [2] Application to Proceed *in forma pauperis* ("IFP"). The undersigned recommends that the Application be denied and that Plaintiff be directed to pay the $400.00 civil filing fee ($350.00 + $50.00 administrative fee).

## BACKGROUND

Plaintiff is forty-three years old and has a master's degree. He is not married and has no dependents. According to his IFP Application, filed on December 22, 2015, Plaintiff moved to Acworth, Georgia, on October 19, 2015, because he could not find work in Mississippi. Plaintiff now lives with family in Georgia. In his IFP Application, Plaintiff indicated that he began substitute teaching in Georgia in December 2015.

The Court entered an Order on February 8, 2016, requiring Plaintiff to provide updated information regarding his income. Plaintiff responded and informed the Court that he is no longer substitute teaching because he obtained full-time employment with Hertz in January 2016. Pl.'s Resp. [5] at 1-2. Plaintiff is earning $1,600.00 per month, which will equal $19,200.00 annually. He still lives with family but now pays $350.00 a month in rent and $80.00 per month in

utilities.  Plaintiff maintains that he currently spends $360.00 a month for food.  In his original Application, Plaintiff indicated that he spent $160.00 per month for food.  Plaintiff pays two monthly credit card bills, totaling $180.00.  He spends $150.00 per month for a storage unit.  Plaintiff maintains that, since he began full-time employment, he now gives ten percent of his earnings, or $160.00 per month, to his church.

Plaintiff has filed five previous actions *pro se*.  In each action, he has requested to proceed IFP without prepaying fees or costs.  Plaintiff has been allowed to proceed IFP in two cases and denied leave in three:

- *Autrey v. State of Mississippi et al.*, Civil Action No. 1:01-cv-299-LTS (closed 10/04/2002).  IFP Application was granted.  The case was dismissed on summary judgment.  Plaintiff's appeal was dismissed as frivolous.

- *Autrey v. Nat. Baptist Convention et al.*, Civil Action No. 1:08-cv-565-HSO-JMR (closed 12/24/2008).  IFP Application was denied.  Plaintiff did not pay the filing fee.  The case was dismissed without prejudice.

- *Autrey v. Thames*, Civil Action No. 1:08-cv-1309-HSO-JMR (closed 12/24/2008).  IFP Application was denied.  Plaintiff did not pay the filing fee.  The case was dismissed without prejudice.

- *Autrey v. Northrop Grumman Shipbuilding, Inc.*, et al., Civil Action No. 1:10-cv-290-LG-RHW (closed 6/20/2011).  IFP Application was granted.  The case was dismissed on summary judgment.  This Court's ruling was affirmed on appeal.

- *Autrey v. Pascagoula Sch. Dist.*, 1:15-cv-266-LG-RHW (closed 1/6/2016).  IFP Application was denied.  Plaintiff did not pay the filing fee.  The case was dismissed without prejudice.

## LAW AND ANALYSIS

The Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of costs or security thereof . . . ." 28 U.S.C. § 1915(a)(1). "Section 1915(a) is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs." *Prows v. Kastner,* 842 F.2d 138, 140 (5th Cir. 1988). There is no absolute right to proceed IFP, and the Court has broad discretion to deny an IFP application. *Flowers v. Turbine Support Division*, 507 F.2d 1242, 1244 (5th Cir.1975)(superseded by statute on other grounds).

In order to grant an IFP application, the Court must examine the financial condition of the applicant in order to determine whether Plaintiff "can afford the costs of proceeding without undue hardship or deprivation of the necessities of life." *Ayers v. Tex. Dep't Criminal Justice,* No. 95-10615, 1995 WL 696702 at *1 (5th Cir. Oct. 19, 1995)(citing *Adkins v. E.I. Du Pont de Nemours & Co.,* 355 U.S. 331, 339-40 (1948)). "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Prows,* 842 F.2d at 140.

This Court as well as others have utilized the U.S. Federal Poverty Guidelines to assess an applicant's financial condition. *Young v. Citi Mortg., Inc.,* No. 3:13cv836-DCB-MTP, 2014 WL 1883675, *2 (S.D. Miss. May 12, 2014)(collecting cases). The federal poverty guideline for a family of one is

$11,880.00 annually.  *See* Annual Update of the HHS Poverty Guidelines, 81 Fed. Reg. 4036 (Jan. 25, 2016).  Plaintiff's income exceeds the poverty guideline for a one-person household by $7,320.00 annually.  Based upon the applicable poverty guideline and the financial information provided by Plaintiff, the undersigned concludes that Plaintiff has the financial resources to pay the $400.00 civil filing fee without undue hardship or deprivation of the necessities of life.  Plaintiff should not be permitted to file this case at taxpayer expense.

## RECOMMENDATION

The undersigned recommends that:

1. Plaintiff's Application [2] to Proceed *in forma pauperis* be denied and that Plaintiff be required to prepay the $400.00 civil filing fee ($350.00 + $50.00 administrative fee); and

2. Should Plaintiff fail to timely pay the civil filing fee, this matter be dismissed without prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge.  Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U.Civ.R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects.  The District Judge need not consider frivolous, conclusive, or general objections.  A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object.  *Douglass v. United Servs. Automobile Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 24th day of February, 2016.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE