IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **TYRES FRAI' AUNT AUTREY** § | | **PLAINTIFF** |
| § | | |
| § | | |
| **v.** § | Civil Action No. 1:15cv421-HSO-JCG | |
| § | | |
| § | | |
| **CITY OF PASCAGOULA** § | | **DEFENDANT** |

## ORDER DISMISSING PLAINTIFF'S CLAIMS WITHOUT PREJUDICE

This matter is before the Court sua sponte for Plaintiff's failure to prosecute and failure to follow Court Orders. For the reasons that follow, the Court will dismiss Plaintiff's claims without prejudice.

Plaintiff filed a Complaint [1] and a Motion [2] for leave to proceed *in forma pauperis* on December 22, 2015. The Magistrate Judge entered a Report and Recommendation [6] that Plaintiff's application to proceed *in forma pauperis* be denied. On March 17, 2016, the Court overruled Plaintiff's Objections [8] to the Magistrate Judge's Report and Recommendation [6], adopted the Magistrate Judge's Report and Recommendation [6], denied Plaintiff's Motion to Proceed In Forma Pauperis [2], and ordered Plaintiff to pay the $400.00 civil filing fee by April 18, 2016. Order [9] at 3. The Court warned Plaintiff that if the fee was not paid by that deadline, "this case may be dismissed without prejudice." *Id.*

On April 18, 2016, Plaintiff filed a Motion for Extension and/or for Reconsideration [10] of Plaintiff's Motion to Proceed In Forma Pauperis [2].  In an Order [11] entered on April 19, 2016, the Court denied Plaintiff's request for reconsideration, but granted Plaintiff a short extension of the deadline by which to pay his civil filing fee.  The Court ordered Plaintiff to pay the $400.00 civil filing fee to the Clerk of Court on or before April 29, 2016.  Plaintiff was warned that "**[f]ailure to timely pay this filing fee or otherwise comply with this or any Order of the Court may result in the dismissal of this case without prejudice, without further notice to Plaintiff**."  Order [11] at 3 (emphasis in original).  Plaintiff has not paid the filing fee, and the time for doing so has passed.

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action sua sponte for failure to prosecute or to comply with any order of court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  The Court granted Plaintiff until April 29, 2016, to pay the civil filing fee.  Plaintiff was specifically warned that failure to do so may result in the dismissal of this case without prejudice, without further notice.  Order [11] at 3.  Because Plaintiff failed to comply with the Order that he pay the filing fee where he had sufficient assets with which to do so, his case should be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiff Tyres Frai' Aunt Autrey's claims are **DISMISSED WITHOUT PREJUDICE**, for failure to prosecute and failure to comply with the Court's Orders.

**SO ORDERED AND ADJUDGED**, this the 2nd day of May, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE
